**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **RUSSELL 150, LC,** | ) | **Case No. 11-51041** |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |

**DECISION AND ORDER**

At Harrisonburg in said District this 3rd day of October, 2011:

A hearing was held on September 7, 2011, to consider Debtor's Application to Employ

Woods Rogers PLC ("Woods Rogers") as their bankruptcy counsel.  This application was opposed by the

Office of the United States Trustee for the Western District of Virginia ("Trustee").  After considering the

pleadings and arguments of the parties the Court makes the following findings of fact and conclusions of

law.

Facts

Debtor sought out Woods Rogers for legal advice and help in preparing its bankruptcy

petition.  At approximately 2:30 p.m. on July 20, 2011, the Debtor initiated a wire transfer in the amount

of $15,000 pursuant to a retainer agreement executed by the Debtor and Woods Rogers.  The Debtor's

Chapter 11 bankruptcy petition was filed on the same day at approximately 4:25 p.m.  However, the wire

transfer was not received by Woods Rogers until the following day because the Debtor's bank does not

send out any wire transfers after 2:00 p.m.   Woods Rogers billed $3,569 in fees for its pre-petition

representation of the Debtor and incurred $1,039 in filing fees.  Woods Rogers has provisionally applied

$4,608 of the $15,000 wire transfer and holds the balance ($10,392) in its trust account.  Debtor seeks to

have the Court approve the provisional application of the funds to the pre-petition fees and approve

Woods Rogers's application of employment in the bankruptcy case.  The Trustee opposes Woods

1

Rogers's application for employment on the grounds that at the time of petition, Woods Rogers was a

creditor of the Debtor and was not "disinterested" as that term is defined in the Bankruptcy Code.  Woods

Rogers has plead that it will waive its pre-petition fees and reverse the provisional application of funds if

it is unable to prevail on this motion.

Discussion

The Bankruptcy Code requires that legal counsel employed in a bankruptcy case be a

"disinterested person."  11 U.S.C. 327(a).  The pertinent portion of the Code's definition of

"disinterested person" is a person who "is *not a creditor*, an equity security holder, or an insider."  11

U.S.C. 101(14)(A) (emphasis added)**.**  The Trustee alleges that Woods Rogers was a creditor of the

Debtor at the time of the filing of its petition for relief and is not a disinterested person.  Under the

Bankruptcy Code, creditor is defined as an "entity that has a claim against the debtor that arose at the time

of or before the order for relief concerning the debtor. . ."  11 U.S.C 101(10).  The Bankruptcy Code

defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated,

unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured; or

a right to an equitable remedy for breach of performance . . . ." 11 U.S.C. 101(5).

At some point Woods Rogers had a "claim" as defined by the bankruptcy code because Woods

Rogers rendered services to the Debtor for which it had a right to payment.  Woods Rogers was a creditor

until that claim was paid. The question to be resolved is whether the wire transfer initiated before the

petition, but not received until after the petition, constituted full prepetition payment of the claim.   In

Barnhill v. Johnson, the Supreme Court addressed the timing of a transfer by check as it related to

avoidable preferential transfers under 11 U.S.C. 547(b).  Barnhill v. Johnson  503 U.S. 393 (1992).   The

Debtor in Barnhill delivered a check to a creditor ninety one days before the Debtor filed for bankruptcy.

Id. at 393.  This check was not honored by the drawee bank until a few days later.  Id.  The issue in

Barnhill was whether the receipt of the check or the honoring of the check controlled for purposes of

determining if the check was within the ninety-day window for avoiding preferential transfers under 11

2

U.S.C. 547(b).  <u>Id.</u> at 397.  The Court determined that the timing of the transfer was controlled by when

the check was honored by the drawee bank.  <u>Id.</u> at 398-400.  The Court reasoned that the Debtor would be

in the same position as having withdrawn cash and handed it to the petitioner only at the time the check

was honored.  <u>Id.</u> Before the check was honored, the Debtor's legal rights to the money had not actually

transferred.  <u>Id.</u>  If the drawee bank refused to honor the check because the Debtor's bank account had

insufficient funds or for any other reason, then the check recipient would have had a claim against the

Debtor and not the bank.  <u>Id.</u> at 398-99.

After the <u>Barnhill</u> decision, the Bankruptcy Court for the Southern District of New York had a

similar case, but one that involved wire transfers.  The Bankruptcy Court had to clarify when a wire

transfer occurs for purposes of a preferential transfer analysis because wire transfers work differently than

checks.  <u>Pioneer Commercial Funding Corp. v. Apple Bank for Sav. (In re Pioneer Commercial Funding</u>

<u>Corp.)</u>, 140 B.R. 951 (Bankr. S.D.N.Y. 1992).  The Bankruptcy Court applied the reasoning of <u>Barnhill</u> to

the mechanics of wire transfers and concluded that a wire transfer is completed for purposes of 11 U.S.C.

547(b) when the receiving institution has received the "credit ticket."  <u>Id.</u> at 957.  The Bankruptcy Court

explained:

> [W]hen funds are wired in from one bank to another with instructions as to their application,
> the transfer is complete because the wired funds are no longer subject to the control of the
> transferor.  Unlike the delivery of a check, where a bank must thereafter issue funds in order
> to honor the check, wire payments are the equivalent of honored funds and are deemed
> transferred when the recipient receives the electronic transmission.

<u>Id.</u>

Although this case is not about the timing of a preferential transfer, this Court finds these

opinions to be instructive.  Woods Rogers has clearly plead that they did not receive the wire transfer

until after the petition had been filed.  Therefore, before the petition had been filed, Woods Rogers had a

claim as defined by the Bankruptcy Code, thereby making Woods Rogers a creditor of the Debtor at the

time of the petition.  Creditors are deemed to be non-disinterested persons and thereby cannot serve as

counsel under §327(a) of the Bankruptcy Code.  Therefore, Woods Rogers must waive its fees for the pre-

petition work done for the Debtor or be barred from continuing as the Debtor's counsel.  Woods Rogers

has already plead that it would waive its fees if its motion was unsuccessful, and the Trustee agrees that

waiver of the pre-petition fees is appropriate and will cure any issue under §327(a) in this case.

Accordingly, it is

### ORDERED

That the Debtor's Application to Appoint Woods Rogers PLC as counsel is approved

conditioned upon Woods Rogers waiving any claim for legal fees for work done for the Debtor pre-

petition.  It is

### FURTHER ORDERED

That Woods Rogers reverse its provisional application of funds received for pre-petition

fees, $3569.00, and restore said funds to its trust account.  Woods Rogers is entitled to keep the cash

advanced to the Debtor for filing fees ($1039.00).

Copies of this Order are directed to be sent to the counsel for the Debtor, Richard C.

Maxwell, Esq., Woods Rogers PLC, PO Box 14125, Roanoke, VA 24038 and to the United States

Trustee c/o Margaret Garber, Esq., Office of the U.S. Trustee, 210 First Street, Suite 505, Roanoke,

Virginia 24011.

**Dated: October 3, 2011**

_Ross W. Krumm_

Ross W. Krumm
U.S. Bankruptcy Judge

4